IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOAN ROSS WILDASIN, ] | |
|     Plaintiff, ] | |
| ] | |
| ] | No. 3:14-cv-2036 |
| v. ] | Judge Sharp |
| ] | Magistrate Judge Brown |
| ] | |
| PEGGY D. MATHES and ] | |
| HILAND, MATHES & URQUHART, ] | |
|     Defendants ] | |

---

BRIEF IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL

---

Comes the Defendant Peggy D. Mathes (Ms. Mathes) and submits this Brief in Support of her Motion to Disqualify Counsel:

## I.
## INTRODUCTION

This case arises out of Ms. Mathes' service as Public Administrator and Administrator C.T.A. in the state probate case of *In Re Estate of Jane Kathryn Ross*, Davidson County Circuit Court, Docket No. 10P-1253. During that time Eugene N. Bulso (Mr. Bulso), counsel for the Plaintiff in this case, represented both the Plaintiff Joan Ross Wildasin (Ms. Wildasin) and Ms. Mathes in an effort to recover assets from Paul T. Sorace that were properly the property of the Estate. This case is an outgrowth of that state probate proceeding because Ms. Wildasin sues Ms. Mathes based upon allegations that Ms. Mathes negligently reduced the value of a house which was acquired by the Estate and was sold to bring its proceeds into the Estate. Both cases involve the value and sale of the house and the Estate's efforts to recoup assets.

1

## II.
## FACTS

Jane Kathryn Ross died on April 17, 2010. She had two children, Ms. Wildasin and Paul T. Sorace. Ms. Wildasin sued Mr. Sorace to recover the value of a house that the Decedent had built with her own funds on property owned by Mr. Sorace. During the course of the matter her counsel withdrew and she retained Mr. Bulso, counsel for Ms. Wildasin in this case, as successor counsel in the suit against Mr. Sorace. At the same time Mr. Bulso was representing Ms. Mathes as Administrator C.T.A. for the Estate, in the same effort to recover the value of the house. At the time Ms. Wildasin's and Ms. Mathes' positions were generally aligned although there remained the potential for conflict between Ms. Wildasin and Ms. Mathes. During the joint representation Mr. Bulso obtained a judgment against Mr. Sorace on behalf of Ms. Wildasin and Ms. Mathes. Without permission from Ms. Mathes and over her objection Mr. Bulso then bought the house in question at a sheriff's sale, ostensibly to benefit the Estate. This is the same house which is the subject of the lawsuit now before this Court. Ms. Mathes then fired Mr. Bulso. Shortly after he was terminated Mr. Bulso attempted unsuccessfully to have Ms. Mathes removed as Administrator C.T.A. He now has filed the suit presently before the Court against Ms. Mathes on behalf of Ms. Wildasin.

## III.
## DISCUSSION

1. <u>Mr. Bulso and his law firm are prohibited from representing Ms. Wildasin in this matter because he represented Ms. Mathes previously in a matter substantially related to the subject of this lawsuit and he acquired confidential information from Ms. Mathes, all within the meaning and effect of Tennessee Rules of Professional Conduct Rule 1.9 and *Bowers v. Ophthalmology Group*, 733 F.3d 647 (6th Cir. 2013).</u>

The standard for disqualification is met in this case. The Court's "authority to disqualify attorneys for unethical behavior is derived from two sources: (1) the local rules of the court in which

2

they appear; and (2) federal law." *Longway v. Applied Geographics, Inc.*, No. 3:10-cv-00896, 2013 WL 4052842, *3 (M.D. Tenn., Magistrate Judge Knowles, Aug. 12, 2013),[1] quoting *Calaway ex rel. Calaway v. Schucker*, No. 2:02-cv-02715-STA-CGC, 2013 WL 960641 (W.D. Tenn. Mar. 12, 2013). The Tennessee Rules of Professional Conduct have been adopted by this Court as the standard for lawyer conduct by Local Rule 83.01(e)(4). The federal law standard has been enunciated in the Sixth Circuit by *Bowers v. Ophthalmology Group*, 733 F.3d 647 (6th Cir. 2013).

The Tennessee Rules of Professional Conduct Rule 1.9 states that "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." TN. S. CT. R. 8 (RPC 1.9). Ms. Mathes does not consent to Mr. Bulso's representation of Ms. Wildasin in the case before this Court. The federal standard is that disqualification will be appropriate if "(1) a prior attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification." *Bowers v. Ophthalmology Group*, 733 F.3d 647, 651 (6th Cir. 2013) (quoting *Dana Corp. v. Blue Cross & Blue Shield Mut. of Northern Ohio*, 900 F.2d 882, 889 (6th Cir. 1990)).

Mr. Bulso represented both Ms. Wildasin and Ms. Mathes in the effort to recover from Mr. Sorace in the state probate court case, including making efforts to collect from the sale of the house at a sheriff's sale. Thus the first prong of both the Rule 1.9 and *Bowers* tests has been met.

---

[1] Adopted by the District Court, 2013 WL 5965349 (Nov. 7, 2013).

The second part of the tests is met as well because the prior representation of Ms. Mathes and the current representation of Ms. Wildasin in this case are substantially related. The representation in the state court case involved the same house and the same Estate that is the subject matter of the case in this Court. Mr. Bulso's representation of Ms. Mathes in the state court proceeding involved obtaining a judgment against Mr. Sorace and then having the house sold at a sheriff's sale to satisfy the judgment. This case revolves around the auction of the house and the alleged negligence of Ms. Mathes in advertising it for the auction. Both actions involve the effort to obtain a judgment in favor of the Estate of the Decedent and to satisfy the judgment by selling the house. The subject matter of each of the two cases is inextricably related. Therefore the second element of Rule 1.9 and the *Bowers* case is satisfied.

The third part of the tests under both Rule 1.9 and *Bowers* is whether there is a substantial risk that confidential factual information normally might have been provided to Mr. Bulso by Ms. Mathes during the time he represented her. Comment 3e to Rule 1.9 explains that the former client need not disclose what information was given but that inferences will be drawn concerning what would normally be disclosed in the former representation:

> The substantial relationship test attempts to avoid requiring actual disclosure of confidential information by focusing upon the general features of the matters involved and inferences as to the likelihood that confidences were imparted by the former client that could be used to adverse effect in the subsequent representation. Thus, a former client is not required to reveal the confidential information learned by the lawyer in order to establish a substantial risk that the lawyer has confidential information to use in the subsequent matter. In the first instance, a preliminary conclusion about the possession of such information may be based on the nature of the services the lawyer provided the former client and information that would in ordinary practice be learned by a lawyer providing such services. Consistent with the preservation of the former client's confidentiality, however, the inquiry into the issues involved in the prior representation should be as specific as possible, so as to avoid undue impairment of the subsequent client's interest in selection of counsel of choice

and the capacity of the lawyer, within appropriate limits, to defeat any presumption or inference concerning the lawyer's receipt or exchange of confidential information.

TN. S. CT. R. 8 (RPC 1.9 cmt. 3e). This is tied into the substantial relation test; the closer the relationship between the former employment and the later work the stronger the likelihood that confidential information passed.

The federal test parallels the Rule 1.9 test. In *Bowers* the Court quoted what it defined as a "well-regarded opinion" on the issue by a Kansas District Court Judge:

> In determining whether a substantial relationship exists, the court evaluates the similarities between the factual bases of the two representations. A commonality of legal claims or issues is not required. At a functional level, the inquiry is whether the attorneys were trying to acquire information vitally related to the subject matter of the pending litigation. To accomplish this inquiry, the court must be able to reconstruct the attorney's representation of the former client, to infer what confidential information could have been imparted in that representation, and to decide whether that information has any relevance to the attorney's representation of the current client. What confidential information could have been imparted involves considering what information and facts ought to have been or would typically be disclosed in such a relationship. Consequently, the representations are substantially related if they involve the same client and the matters or transactions in question are relevantly interconnected or reveal the client's pattern of conduct.

*Bowers,* 733 F.3d at 652, quoting *Koch v. Koch Indus.,* 798 F.Supp. 1525, 1536 (D.Kan.1992).

As a necessary component of Mr. Bulso's representation of Ms. Mathes in the state court matter, Ms. Mathes provided Mr. Bulso with privileged and confidential information to assist in the prosecution of the case. Given that the prior representation of Ms. Mathes by Mr. Bulso and the current representation of Ms. Wildasin by Mr. Bulso both relate to the value of the same house and the effort to recover money from Mr. Sorace for the Estate establishes that the two cases are significantly interconnected. There is a substantial risk that the confidential information from Ms. Mathes that Mr. Bulso received could be used against her in the case now before this Court. The

5

third prong of the test is met and Mr. Bulso and his firm should be disqualified from representing Ms. Wildasin in this case.

2. <u>Mr. Bulso and his firm are prohibited from representing Ms. Wildasin because he will be a witness in the case before the Court, all within the meaning and effect of Rule of Professional Conduct 3.7</u>.

Rule of Professional Conduct 3.7 prohibits a lawyer from both representing a client in a contested matter and serving as a witness in the same matter:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

TN. S. CT. R. 8 (RPC 3.7).

In this case Mr. Bulso is a necessary witness. In the complaint in this case [Docket Entry 1], he alleges that Ms. Mathes did not attend the auction of the house. Complaint ¶ 20. He alleges that he did attend the sale and that he had interactions with the auctioneer concerning the inaccuracy of the auction flyers. Complaint ¶ 21. He alleges that the auctioneer made corrective statements at the sale. Complaint ¶ 23. In her Answer and Affirmative Defenses [Docket Entry 10] Ms. Mathes denies the allegation that she did not attend the sale. Answer ¶ 20. Further, since the entire case revolves around what happened leading up to and at the auction which Mr. Bulso attended, any proof concerning the events at the auction put Mr. Bulso squarely in the the middle of any dispute concerning the event. Therefore Mr. Bulso has made himself a witness and the exceptions to the operation of Rule 3.7 do not apply, as allegations made by Mr. Bulso are contested and other proof well may be, this has nothing to do with value of services provided, and with more than 3000 other

6

lawyers available in Middle Tennessee disqualification will not work a substantial hardship on Ms. Wildasin.

## III.
## CONCLUSION

For these reasons Mr. Bulso and his law firm should be disqualified from representing Ms. Wildasin in this case.

                                            RESPECTFULLY SUBMITTED:

                                            _____/sJohn D. Kitch_____
                                            JOHN D. KITCH, BPR #4569
                                            OF COUNSEL
                                            CORNELIUS & COLLINS LLP
                                            511 Union Street, Suite 1500
                                            P.O. Box 190695
                                            Nashville, Tennessee 37219
                                            (615) 244-1440/fax 254-9477
                                            jdkitch@cornelius-collins.com

                                            CORNELIUS & COLLINS LLP

                                            BY: s/Peter C. Robison
                                            PETER C. ROBISON, BPR# 27498
                                            511 Union Street, Suite 1500
                                            P.O. Box 190695
                                            Nashville, Tennessee 37219
                                            (615) 244-1440/fax 254-9477
                                            pcrobison@cornelius-collins.com

## CERTIFICATE OF SERVICE

The undersigned certifies that he has provided a true and accurate copy of the foregoing document to Eugene N. Bulso, Jr., Leader, Bulso & Nolan, PLC, 414 Union Street, Suite 1740, Nashville, Tennessee 37219 electronically through the Electronic Filing System this 16th day of December, 2014.

                                            ____s/John D. Kitch_____