UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOAN ROSS WILDASIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil No. 3:14-cv-2036 |
| v. | ) | Judge Sharp |
| | ) | |
| PEGGY MATHES; | ) | |
| HILAND, MATHES & | ) | |
| URQUHART; AND BILL | ) | |
| COLSON AUCTION & | ) | |
| REALTY COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

On March 11, 2016, the Court denied a Motion for Summary Judgment filed by Defendant Hiland, Mathes & Urquhart ("HUM"). Wildasin v. Mathes, 2016 WL 927440, at *1 (M.D. Tenn. Mar. 11, 2016). HUM now asks the Court to revise that Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (See Docket No. 92.)

Rule 54(b) allows a court to revise any order before it enters final judgment. See Fed. R. Civ. P. 54(b); Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed. App'x 949, 959 (6th Cir. 2004) ("District Courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of a final judgment."). This rule "vests significant discretion in district courts." Parker v. Robertson, 34 F. Supp. 3d 859, 861 (M.D. Tenn. Sept. 23, 2014). A court may revise an order "as justice requires," Rodriguez, 89 Fed. App'x at 959, as long as the moving party is not attempting to "relitigate . . . arguments [that were] previously rejected." Ingram Barge Co. v. Century Aluminum of W. Va., Inc., 2012 WL 3945529, at *3 n.3 (M.D. Tenn. Sept. 10, 2012).

1

HUM's argument is straightforward. It points out that on March 31, 2016, the Court granted summary judgment for Defendant Peggy D. Mathes ("Mathes") on Plaintiff's negligence-as-legal-counsel claim. See Wildasin v. Mathes, 2016 WL 1274574, at *1 (Mar. 31, 2016). In reaching that result, the Court reasoned that, because "Tennessee courts generally assume that the average layperson is ill equipped to decide whether an attorney's conduct meets the applicable standard of care," Plaintiff Joan Ross Wildasin could not make a prime-facie case without expert testimony. Id. at *8. The Court's holding easily followed from that reasoning: Plaintiff had failed to introduce expert testimony, so her claim failed as a matter of law. Id. at *8–9.

HUM contends that Plaintiff's claim against HUM must fail, too. It notes that Plaintiff brought only one claim against HUM: vicarious liability for Mathes's negligence as legal counsel. (Docket No. 30, p. 8; Docket No. 92, p. 2.) Since Plaintiff cannot prove Mathes's negligence as counsel, HUM continues, Plaintiff is also barred from proving that HUM was vicariously liable for Mathes's negligence. (Docket No. 92, pp. 2–3.)

The Court agrees. Under Tennessee law, a plaintiff may not prove vicarious liability without proving the existence of an underlying tort. See Queen v. Tenn. Valley Auth., 508 F. Supp. 532, 535 (E.D. Tenn. 1980), aff'd, 689 F.2d 80 (6th Cir. 1982) ("Tennessee law does not impose vicarious liability when the agent is not subject to individual liability."). Thus, if a plaintiff cannot show that an agent has committed a tort, the plaintiff cannot show that the principal is vicariously liable for the agent's tortious conduct. Id. See also, e.g., Quality Tech. Co. v. Stone & Webster Eng'g Co., Inc., 745 F. Supp. 1331, 1343 (E.D. Tenn. 1989) ("[T]his Court has found [the contractor] to be absolutely immune from common law tort liability, [so] there can be no liability as to [the contracting company,] . . . because Tennessee law does not

impose vicarious liability when the agent is not subject to individual liability."); Stokes v. Smokey Mountain Aero, Inc., 457 F. Supp. 677, 678 (E.D. Tenn. 1978) ("If no action can be maintained against an employee for the employee's acts, Tennessee law also bars any actions against the employer based on vicarious liability.").

The Court has already found that Plaintiff cannot prove her negligence-as-legal-counsel claim against Mathes. See Wildasin, 2016 WL 1274574, at *1. Without being able to prove Mathes's negligence, Plaintiff cannot show that HUM was vicariously liable for that negligence. See Queen, 508 F. Supp. at 535. Plaintiff's vicarious liability claim against HUM therefore fails.

## **CONCLUSION**

For the foregoing reasons, the Court will grant HUM's Rule 54(b) Motion; amend its March 11, 2016 Order; and grant summary judgment in favor of HUM on Plaintiff's negligence-as-legal-counsel-claim. An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE