# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JOAN ROSS WILDASIN,<br><br>   Plaintiff,<br><br>v.<br><br>PEGGY D. MATHES, et al.,<br><br>   Defendants. | Case No. 3:14-cv-02036<br><br>Judge Curtis L. Collier<br>Magistrate Judge Jeffery S. Frensley |

## MEMORANDUM & ORDER

Before the Court are six motions in limine filed by Defendant (Docs. 196, 197, 198, 199, 200, and 208). Plaintiff responded collectively to the first five motions (Doc. 201) and Defendant replied collectively to the first five motions (Doc. 206). Plaintiff then responded separately to Defendant's final motion. (Doc. 209.) Each motion will be addressed in turn. For the reasons explained below, Defendant's first five motions in limine (Docs. 196, 197, 198, 199, and 200) are **DENIED** subject to the qualifications described below, and Defendant's sixth motion in limine (Doc. 208) is **GRANTED IN PART** subject to the qualifications described below.[1]

**A. Motion to Prohibit Introduction of 2011 Appraisal**

Defendant moves to exclude the 2011 appraisal of the home under Federal Rules of Evidence 401 and 403. Under Rule 401, Defendant argues the 2011 appraisal of the home is not relevant to the auction at issue in this case, which took place in 2014. Under Rule 403, Defendant argues introduction of the 2011 appraisal, which values the home at $480,000, may confuse or

---

[1] The Court has previously described the facts of this case in detail. (Doc. 194.) The Court will thus forego a recitation of the facts in this memorandum and order.

mislead the jury, and because the probative value of the appraisal is low the risk of confusing the jury substantially outweighs the probative value of the appraisal.

The Court disagrees with both arguments. The appraised value of a home, the value the home would be expected to sell for in a traditional sale, and the value the home would be expected to sell for at auction may not necessarily be the same, but that does not mean the values are unrelated or irrelevant to one another.[2] The appraised value of a home on a given date may be different than what the home would actually sell for on the same date in a traditional sale, which in turn may be different than what the home would sell for at auction on the same date. Moreover, the connection between these values becomes more attenuated as time passes between the dates associated with each value. But it is incorrect to say these values are unrelated or irrelevant to one another. Contrary to Defendant's argument, the appraised value of a home is relevant to the value it would be expected to sell for at auction, despite the fact that these two values may not be the same. In fact, at the auction, Bill Colson announced that the home had been appraised at $480,000 just a few years earlier in an apparent attempt to solicit higher bids, thus demonstrating that he felt the appraised value was relevant information for the bidders. (Doc. 70 at 15.) Evidence of the value of the home, which includes the 2011 appraisal, may be relevant and useful in demonstrating Plaintiff's alleged injury and damages, and thus the Court finds that it meets the requirements of Rule 401.

With regard to Defendant's argument under Rule 403, it appears Defendant is concerned the jury will infer $480,000 is the price the home would have been expected to sell for at auction if properly advertised. The Court assumes, however, that Defendant will introduce argument and

---

[2] The Court would encourage the parties to avoid using the phrase "fair market value" without clarifying the sense in which it is being used, as it could fairly refer to any of the values mentioned above depending on the context.

evidence clarifying to the jury that the home may not have been expected to sell for $480,000 at auction in 2014, despite the fact that it was appraised at this value in 2011, and that the jury will be able to follow and understand this line of argument. The Court thus concludes the potential risk of jury confusion does not create an issue under Rule 403.

For these reasons, the Court **DENIES** Defendant's first motion in limine (Doc. 196).

B.  **Motion to Exclude Anticipated Testimony of Richard Exton and Introduction of the 2015 Appraisal**

Defendant argues Plaintiff should be barred from introducing the expert testimony of Richard Exton and Mr. Exton's 2015 appraisal of the home. The Court will first address the 2015 appraisal, as the evidentiary value of this appraisal is similar to that of the 2011 appraisal, as explained above.

Information contained in the 2015 appraisal is relevant and useful to aid the jury in determining the price at which the home may have sold for at auction if it had been properly advertised. This is the case despite the fact that the 2015 appraisal may not describe the value of the home at the time of the auction or the anticipated value of the home in an auction setting, as opposed to a traditional real estate transaction. These shortcomings, and any potential flaws, oversights, or inconsistencies contained in the 2015 appraisal, to which Defendant refers in her motion, may be addressed on cross examination. Defendant will also have the opportunity to offer competing evidence probative of what the home would have sold for at auction if properly advertised.

With regard to Mr. Exton's qualifications as an expert, Mr. Exton is a certified appraiser, and thus is qualified to offer an opinion as to the value of a home. Defendant argues Mr. Exton's qualifications and background are in traditional real estate appraisal, as opposed to auctions, and thus his expertise is not relevant to the sale at issue. The Court disagrees. First, as the Court has

previously stated, the value a home would be expected to sell for in a traditional real estate transaction is relevant to and probative of the value a home would be expected to sell for at auction, even if the two values are likely to be different.  As a result, Mr. Exton's expertise in traditional real estate appraisals and sales will be useful to the jury, even if his expertise as to auction sales is limited.  Any limitations in Mr. Exton's experience or qualifications may be addressed on cross examination, and, as mentioned above, Defendant will have the opportunity to offer competing evidence probative of what the home would have sold for at auction if properly advertised. Defendant's second motion in limine (Doc. 197) is **DENIED**.

**C.    Motion to Exclude Testimony by the Plaintiff Concerning the Value of the Property**

Defendant argues Plaintiff should be barred from testifying as to the value of the home, as only an owner of real estate may testify to the value of the real estate as a lay witness.  *State v. Bridgeforth*, 836 S.W.2d 591, 593 (Tenn. Crim. App. 1992).  While this is the case in Tennessee, it is not the case in federal court, as this Court must apply the Federal Rules of Evidence and controlling federal case law.  *See* Fed. R. Evid. 1101; *U.S. ex rel Tennessee Valley Authority v. Easement and Right of Way Over a Tract of Land in Madison Cty., Tennessee*, 405 F.2d 305, 307 (6th Cir. 1968) ("In determining the land's fair market value . . . opinion evidence usually may be admitted from those who are not strictly experts, the test being whether it can be shown the witness knows the land and its surroundings and has an opinion based on more than conjecture . . .") (despite the fact that this case was decided before the adoption of the federal rules of evidence, this appears to be the evidentiary standard still applied in the Sixth Circuit).  Defendant's third motion in limine (Doc. 198) is thus **DENIED**.  Any objections related to the basis for Plaintiff's opinion will be addressed at trial.

**D. Motion to Exclude Any Evidence that More People Might Have Attended the Auction or Paid More if the Property Had Been Advertised at 3,553 Square Feet**

Defendant argues Plaintiff should be excluded from offering evidence suggesting more people would have attended the auction or the house would have sold for a higher price had the house been properly advertised because such evidence would necessarily be based on conjecture or speculation. As an initial matter, the Court understands Plaintiff's argument to be not that more people would have attended the auction had the home been properly advertised, but that different people would have attended the auction had the home been properly advertised—specifically, those in the market for a 3,500 square foot home, as opposed to those in the market for a 2,500 square foot home. Additionally, the Court finds this motion to be overly broad. Admissible evidence, such as the appraisals and potentially Plaintiff's own testimony as to the value of the home, may suggest to the jury that the home would have sold for more if it had been properly advertised. Defendant's fourth motion in limine (Doc. 199) is thus **DENIED**. The Court will address at trial any objections to specific pieces of evidence or portions of witness testimony that may be impermissibly based on speculation or offered without a proper foundation.

**E. Motion to Exclude Transcript of Hearing**

Defendant argues the transcript of the probate court hearing in which the auction sale was approved is irrelevant, and thus Defendant moves to exclude its admission. In her response, Plaintiff indicates she included the transcript on her exhibit list only because Defendant intends to introduce the probate court's November 24, 2014 order in which it approved the $315,000 purchase price on the basis that it was commercially fair and reasonable. Although Judge Kennedy approved the sale, he was careful to state on the record and specifically that he was not necessarily finding that $315,000 was the "fair market value" of the home. (Doc. 73-7 at 15.)

Federal Rule of Evidence 106 states "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." If Defendant introduces the probate court's order approving the sale, Rule 106 allows Plaintiff to introduce portions of the transcript of the probate court's hearing which ought to be considered along with the probate court's order under these circumstances. Defendant's fifth motion in limine (Doc. 200) is thus **DENIED**.

**F.**     **Motion to Prohibit Reference to Settlement**

Defendant moves to prohibit any reference to the settlement between Plaintiff and former Defendant Bill Colson Auction and Realty Company pursuant to Federal Rule of Evidence 408. Plaintiff does not oppose this motion, except to the extent that Rule 408(b) allows for reference to the settlement for the purpose of demonstrating bias or prejudice. The Court **GRANTS IN PART** Defendant's sixth motion in limine (Doc. 208). Any objection to introduction of the settlement under Rule 408(b) will be addressed at trial.

**SO ORDERED.**

**ENTER:**

<u>**/s/**                                   </u>
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**